UNITED STATES of America,
Appellee,

v.

Michael VONDETTE, also known as Steve, also known as Big Guy, also known as Mike, also known as Michael J. Von Dette, also known as M.J. Vondette, also known as Glenn Titus, Defendant–Appellant.

No. 99–1776.

United States Court of Appeals,
Second Circuit.

March 13, 2001.

Robert I. Kalina, Esq., New York, NY, for appellant.

Susan Corkery and Burton T. Ryan, Jr., Assistant United States Attorneys, and Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY, for appellee.

Present WALKER, Chief Judge, PARKER and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of said district court be and it hereby is AFFIRMED.

Defendant-appellant Michael Vondette appeals from a November 17, 1998 order denying his release pending trial for, among other things, conspiracy to possess with the intent to distribute various illegal drugs under 21 U.S.C. § 846 and conspiracy to launder money under 18 U.S.C. § 1956. On appeal, Vondette argues primarily that (1) the district court erred in denying his application for release upon the conditions he requested, and (2) he is entitled to immediate release from pretrial detention because his approximately 40 month pre-trial detention violates due process.

On October 30, 1997, Vondette was brought into federal custody and was indicted the next day by a grand jury in the Eastern District of New York. On April 15, 1998, Vondette's counsel filed an omnibus pretrial motion seeking the following: dismissal of the indictment, a separate trial on related forfeiture allegations, a bill of particulars and a suppression order. Vondette also filed additional motions, *pro se*, for discovery under Federal Rule of Criminal Procedure 16, for disclosure of prospective witnesses' agreements with the government, and for disclosure of any government grants of immunity related to his

trial. Prior to argument on these motions, Vondette discharged his counsel and retained new counsel. On June 23, 1998, Vondette's new counsel moved for Vondette's release on bail pending trial; however, the application was adjourned by Vondette's counsel until November 17, 1998. Vondette's trial, which had been scheduled for October 5, 1998, was also adjourned at defense counsel's request.

On October 20, 1998, the government filed a superseding indictment that expanded both the time frame of the conspiracy allegations and the types of illegal narcotics allegedly distributed. Vondette's trial counsel subsequently requested another postponement of the trial. In the meantime, the district court held a bail hearing on November 17, 1998, during which the government made an unchallenged detailed proffer of evidence indicating both Vondette's decade-long continuing involvement in narcotics trafficking and his risk of flight. Based on this proffer, the district court denied Vondette's application for bail after concluding no conditions or combination of conditions would assure that Vondette would not flee. Our review of the transcript of Vondette's bail application hearing indicates this decision was based in part on the fact that Vondette faced a 30–year to life sentence, which gave rise to a rebuttable presumption of a risk of flight, *see* 18 U.S.C. § 3142(e). (JA 11: trans p. 18 at lns. 12–14 (Gov's Atty: "The amount of bail he presents, given the fact that there is a presumption in this case … it is clear that he is a risk of flight. …")); (JA 11: trans p. 20 at lns. 5–6 (Dist .Ct. subsequently responding: "The defendant, he's facing 30 years to life on this first count.")).

Vondette next filed a new series of motions addressed to the superseding indictment. He also requested discovery regarding a related prosecution in the Central District of California. While these motions were pending, Vondette filed additional motions to dismiss the indictment, to compel production and suppression of defendant's prior bad acts, to require a pretrial audibility hearing of all tape recordings, and to compel additional discovery and disclosure of *Brady* material. On October 26, 1999, Vondette filed yet another round of motions including motions related to the grand jury process and motions to compel a pretrial evidentiary hearing to determine the existence of a conspiracy, to compel a pretrial hearing on admissibility of co-conspirators' statements and to dismiss the indictment on grounds of vindictiveness.

On May 8, 2000, Vondette's counsel moved to withdraw from the case due to an unresolvable conflict with the defendant. The district court then surveyed potential replacement counsel to determine their willingness to accept Vondette's case. Vondette then refused to accept the services of substitute counsel. Trial is currently scheduled to begin this May.

 As to Vondette's challenge to the district court's denial of his application for release pending trial, we find no error. As already noted, 18 U.S.C. § 3142(e) establishes a rebuttable presumption against pretrial release due to risk of flight where, as here, there is probable cause to believe that "the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act [21 U.S.C. § 801 *et seq.*] …." Vondette offered no evidence to rebut that presumption or to rebut the government's proffered evidence that he poses a flight risk.

 With respect to Vondette's contention that the 40–month pretrial detention violated his Fifth Amendment due process rights, we are unpersuaded. Delay is but one factor in determining

whether a pretrial detention violated due process; other considerations include the extent of the government's responsibility for the delay of trial, the gravity of the charges, and the strength of the evidence upon which detention is based. *See United States v. El–Gabrowny,* 35 F.3d 63, 65 (2d Cir.1994). As we detailed above, much of the blame for the delay in trial rests with Vondette. *See, e.g., United States v. Gonzales Claudio,* 806 F.2d 334, 341 (2d Cir.1986) (stating "defendants cannot litigate pretrial matters to the ultimate degree and then rely on the extra time attributable to their motion practice to claim that the duration of pretrial detention violates due process"). Moreover, the charges against Vondette are extremely serious—leadership in a multi-million dollar drug enterprise for which he faces a potential life sentence. The government presented the district court with substantial evidence that he posed a risk of flight including evidence forwarded from the Swiss police that Vondette was attempting to purchase a forged British passport. On balance, while Vondette's pretrial detention has been lengthy, we conclude that it does not offend due process.

█ Vondette also challenges the district court's reliance on the government's proffer because some of it included multiple hearsay which he contends violated his Fifth Amendment due process rights. We disagree.

█ "[B]ail hearings are 'typically informal affairs, not substitutes for trial or even for discovery and as a result opposing parties [may] simply describe to the judicial officer the nature of their evidence; they do not actually [have to] produce it.'" *United States v. LaFontaine,* 210 F.3d 125, 131 (2d Cir.2000). Due to this informality and the infancy of the criminal proceedings, some of the proffer may include hearsay. This is appropriate so long as the overall reliability of the proffer is sound. In the interest of preserving the necessary informality of bail application proceedings, only where the defendant challenges the accuracy of specific evidence so as to reasonably give the district court a basis to doubt the overall reliability of the proffer need the district court require the actual production of the evidence or the witness. *See id.* Here Vondette did not expressly challenge the reliability of any of the particulars of the proffer, including the multiple hearsay. The district court therefore had no reason to doubt its accuracy and, as a result, did not err in considering it. JA 6

█ Finally, Vondette contends that the district court failed to make "written findings of fact and a written statement of the reasons for the detention" as required by 18 U.S.C. § 3142(i)(1). We disagree. While the district court did not issue a memorandum order expressly cataloging either its findings of fact or its reasons for the detention, the district court did incorporate as part of its order denying bail its findings and reasoning which it had provided orally in open court and which were subsequently transcribed. We believe this was sufficient to satisfy the writing requirement of § 3142(i)(1).

Accordingly, the order of the district court denying pretrial release is hereby AFFIRMED.